UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANK J. FERGUSON                                                    CIVIL ACTION

VERSUS                                                                      NO. 13-4809

CIRCLE K STORES, INC.                                              SECTION "K"(1)

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Circle K Stores, Inc. ("Circle K") (Doc. 9). Having reviewed the pleadings and the relevant law, the Court finds merit in the motion.

**Background**

Plaintiff Frank Ferguson purchased on or about January 19, 2012, from defendant two sets of Powerball tickets, each ticket containing five sets of numbers that were computer generated. The drawing that was the subject of the purchase was to be held on January 21, 2012. Sometime thereafter, plaintiff discovered that one of the tickets had been printed on January 18, 2012 for the January 18th drawing, and thus was worthless for the drawing on the 21st of January. Plaintiff contends that there is video proof that the clerk who sold the tickets printed one new ticket and apparently gave defendant a second ticket from a "pile of tickets" to the left of her. The expired ticket allegedly came from that pile.

Plaintiff filed the instant lawsuit on January 18, 2013, and seeks damages based on the defendant having caused plaintiff to lose any opportunities to win the Powerball jackpot or any subsequent lower jackpot on January 21, 2013. The suit was removed to this Court based on diversity jurisdiction on June 14, 2013, and the instant motion was filed on October 30, 2013.

**Motion to Dismiss**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.1980). In *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Id.* at 563, 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In Re: Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007) quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 570, 127 S.Ct. at 1974.

Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Bell Atlantic Corp. v. Twombly,* 550 U.S. at 556, 127 S.Ct. at 1965 (internal citations omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his favor, the complaint states any valid claim for relief." *Lowery v. Texas A & M University System,* 117 F.3d 242, 247 (5th Cir.1997) quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 601 (1969).  However, a complaint does not

"suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570). A court should not accept as true a plaintiff's conclusory allegations, unwarranted factual inferences or unsupported legal conclusions. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010).

### Analysis

As this Court sits in diversity, the law of the State of Louisiana must be applied to this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). La. Rev. Stat. 47: 9009(C) provides, "There shall be no liability on the part of and no cause action shall arise against the corporation, its governing board, staff, agents, **vendors** or employees, arising out of or in connection with the issuance, failure to issue or delivery of a lottery ticket." (emphasis added). In addition, the Louisiana Lottery Corporation, Directive 27.4 (last amended on November 15, 2012) states, "It shall be the sole responsibility of the player to verify the accuracy of the game play or plays and other date printed on the ticket. The placing of plays is done at the player's own risk through the on-line agent that is acting on behalf of the player in entering the play or plays."

Finally, La. Rev. Stat. 47:9025(B)(3) provides, "No prized shall be paid arising from claimed tickets that are stolen counterfeit, altered fraudulent, **unissued, produced or issued in error**. . . ." (emphasis added). In *Dufrene v. Louisiana Lottery Corp.,* 655 So.2d 1177 (La. App. 1st Cir. 1995), the Louisiana Court of Appeal for the First Circuit held that a claim for a part of a lottery jackpot was clearly precluded by the plain language of § 9025(B)(3) precluded entitlement to a jackpot following a lottery ticket machine's failure to issue a ticket with the numbers plaintiff requested which were the winning numbers for that lottery.

Considering the foregoing, the Court finds that plaintiff has failed to state a claim. Defendant is statutorily exempt from suit; moreover, under the directives of the lottery itself, it is the sole responsibility of plaintiff to verify the accuracy of the game play.  Plaintiff failed to do so in a timely fashion, and as such, he is barred from suit.  Moreover, the term "issue" as used in §9009(C) encompasses the giving of the ticket by the clerk to plaintiff regardless of when the ticket was printed contrary to the contention of plaintiff.  Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed by Circle K Stores, Inc. (Doc.  9) is **GRANTED** and judgment shall be entered in favor of Circle K Stores, Inc.  and against Frank J. Ferguson dismissing said claim with prejudice with each party bearing his/its own costs.

New Orleans, Louisiana this  16th   day of January, 2014.

_____
**STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE**